

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2002

# Lawson v. Local 124

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2559

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Lawson v. Local 124" (2002). *2002 Decisions.* Paper 658.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/658

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2559
_____


ISIAH LAWSON;
MITCHELL TAYLOR; ANTONIO MONRESA,
                                        Appellants

v.

PASSAIC COUNTY AND VICINITY CARPENTERS
AND MILLWRIGHTS LOCAL 124;
JOHN RADDIS; JACK TOBIN; ANTHONY BARISO;
ANSELMI AND DeCICCO, INC., a corporation;
JOHN DOE 1-50

_____


On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 96-cv-05207
(Honorable William H. Walls)
_____


Argued June 4, 2002

Before:  SCIRICA, BARRY and WEIS, <u>Circuit</u> <u>Judges</u>

(Filed: October 17, 2002)

ALAN KRUMHOLZ, ESQUIRE (ARGUED)
574 Summit Avenue
Jersey City, New Jersey 07306

Attorney for Appellants

ROBERT A. FAGELLA, ESQUIRE (ARGUED)
Zazzali, Fagella, Nowak, Kleinbaum & Friedman
One Riverfront Plaza
Newark, New Jersey 07102

Attorney for Appellees,
Passaic County and Vicinity Carpenters
and Millwrights, Local 124, John Raddis,
Jack Tobin, and Anthony Bariso

_____

OPINION OF THE COURT
_____

SCIRICA, <u>Circuit</u> <u>Judge</u>.

On appeal, plaintiffs contend that summary judgment should not have been

entered in favor of defendants on their employment discrimination claims brought under

29 U.S.C. § 185, 42 U.S.C. § 1981 and the New Jersey Law Against Discrimination

("NJLAD"), N.J.S.A. 10:5-1.[1]  Plaintiffs Isiah Lawson and Mitchell Taylor (two African-

---

[1]Counts 1, 2, and 3 of plaintiffs' complaint allege that employees of Passaic County
and Vicinity Carpenters and Millwrights Local 124 ("Local 124"; "the Union")
–defendants Raddis, Tobin, and Bariso–violated the NJLAD, N.J.S.A. 10:5-1, and caused
plaintiffs to suffer loss of income and emotional distress. Counts 4, 5, and 6 allege that
defendant labor union and its agents violated the contractual right of plaintiffs to fair
representation in violation of the Bill of Rights under 29 U.S.C. § 411 and 29 U.S.C.
(continued...)

Americans) and Antonio Manresa (a Cuban-American) contend they were denied opportunities to work as carpenters in the construction industry on the basis of their race or ethnicity. The District Court granted summary judgment to defendants because plaintiffs' claims were time-barred or they failed to rebut the defendants' proffered nondiscriminatory reasons.

Because we agree that plaintiffs failed to rebut defendants' proffered nondiscriminatory reasons for their adverse employment actions, we will affirm.[2]

## I.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291.

## II.

We exercise de novo review over a grant of summary judgment. Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318 (3d Cir. 2000).

---

[1](...continued)
§ 185. Counts 7, 8, and 9 allege that the individual Caucasian defendants discriminated against plaintiffs in violation of 42 U.S.C. § 1981. Counts 10, 11, and 12 repeat the foregoing allegations and direct them at defendant corporations ("John Does 1-50") who employed Local 124 employees. Counts 13, 14, and 15 request punitive damages for "willful wanton and gross misconduct." Plaintiffs no longer pursue their 29 U.S.C. § 411 claim on appeal.

[2]For the first time on appeal, plaintiffs raise the argument that the six-month limitation period enunciated in DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151 (1983), does not apply to their fair representation claims. We decline to reach this issue.

3

## III.

Plaintiffs are union carpenters who allege they were the victims of racial and ethnic discrimination because defendants deprived them of job opportunities by failing and/or refusing to refer them for construction jobs. Defendants are the carpenter's union itself, individual defendants employed by Local 124, and some John Doe corporations who have signed with Local 124.

On November 1, 1996, plaintiffs filed suit alleging they were victims of employment discrimination. In January 1997, Defendants Anselmi and DeCicco filed a cross-claim and motion to dismiss for failure to state a claim.[3] On March 10, 1998, the Magistrate Judge recommended that plaintiffs' complaint be dismissed for failure to comply with discovery orders.

In May 1998, the District Court declined to dismiss plaintiffs' complaint on these grounds, ordered that discovery be closed, and ordered defendants to file motions for summary judgment. The District Court subsequently entered summary judgment for defendants on all claims. The District Court held that plaintiffs' claims of employment discrimination were either time barred under a two-year statute of limitations or rebutted by the Union defendants' legitimate, nondiscriminatory reasons.

Underlying this dispute is the operation of an "out of work" list maintained in a Union hiring hall as a means of making job referrals to contractors who have entered into

---

[3]The parties have stipulated that all cross-claims have been dismissed.

collective bargaining agreements with Local 124. Plaintiffs allege the procedures followed by the Union and the contractors using this list provided inadequate accountability with regard to the assignment of work because union members could also be referred by telephone, thereby circumventing the "sign-in list" at the hall. Plaintiffs also contend the Union kept records of referrals on scraps of paper "which are disposed of and cannot be checked for more than one day at a time by union members." Plaintiffs contend that as a result of such practices, they were denied job referral opportunities and given fewer work hours than other union members.

Defendants dispute plaintiffs' claims and contend job referrals are made from the disputed list in chronological order, subject to certain exceptions that shop stewards, foremen, or minority members may be assigned in a different way. Defendants also contend that many different factors influence the hours of work assigned, including contractors' preferences for certain workers and the varying lengths of available construction jobs. Defendants' expert witness Dr. Adrienne Eaton, an Associate Professor at Rutgers University, performed a statistical analysis of the differences in hours worked between the minority and non-minority members of Local 124. She concluded that there was no statistically significant evidence of race or ethnicity-based differences in the hours worked by Local 124 members. Plaintiffs presented no expert evidence contradicting Dr. Eaton's report.

This timely appeal followed.

5

**IV.**

The New Jersey Law Against Discrimination does not contain a specific statute of limitations. Ali v. Rutgers, 166 N.J. 280, 285 (2000). For a time, there was a split of authority on whether NJLAD claims were subject to a six-year or two-year statue of limitations. Id. In Montells v. Haynes, 133 N.J. 282 (1993), the New Jersey Supreme Court held that NJLAD claims were subject to a two-year statute of limitations. Id. at 298 (specifying that this time limitation would only apply prospectively). After further confusion about the prospective application of the two-year statute of limitations, Montells was re-visited in Ali. 166 N.J. at 282 (holding "that in cases in which the operative facts[4] arise both before and after the date of Montells, plaintiffs must file their actions prior to the expiration of the six-year limitations period or within two years from the date of this opinion, whichever is earlier"). Conscious of the need to timely adjudicate discrimination claims, the New Jersey Supreme Court added that for NJLAD actions accruing[5] after July 27, 1993 (the date Montells was decided), but before November 30, 2000 (the date Ali was decided), "in which plaintiffs allege operative facts arising prior to July 27, 1993, the limitations period is the earlier of six years from the date of accrual or two years from the date of this opinion." Id. at 287.

---

[4]"Operative facts" were defined as "events or facts relevant to a cause of action." Id. at 286.

[5]"Accrual" was defined as the "technical term found in statutes of limitations to denote the date on which the statutory clock begins to run." Id.

In this case, the District Court did not have the benefit of <u>Ali</u> and stated that "any NJLAD claim, even one based on events that occurred before the <u>Montells</u> decision, would have a two-year statute of limitations."  Accordingly, the District Court through no fault of its own erred in dismissing plaintiffs' claims as time barred under a two-year statute of limitations.

Nevertheless, plaintiffs' claims were properly dismissed for reasons we discuss.

**V.**

The New Jersey Law Against Discrimination prohibits employers from engaging in discrimination.  <u>Peper v. Princeton Univ. Bd. of Trustees</u>, 77 N.J. 55, 81-84 (1978). Analysis of NJLAD claims closely tracks the analytical framework applied to federal employment discrimination claims.  <u>Id</u>.  Once a prima facie case of discrimination has been established, the employer "must come forward with a legitimate, non-discriminatory reason for the adverse employment decision."  <u>Goosby</u>, 228 F.3d at 319.[6]  If the employer can proffer a legitimate, nondiscriminatory reason for its actions, the plaintiff must demonstrate the proffered reason was merely a pretext for unlawful discrimination.  <u>Id.</u>; <u>Starceski v. Westinghouse Elec. Corp.</u>, 54 F.3d 1089, 1095-96 n.4 (3d Cir. 1995) ("At all times the burden of proof or risk of non-persuasion, including the burden of proving 'but for' causation or causation in fact, remains on the employee.").  Pretext is shown when a factfinder could reasonably either "(1) disbelieve the employer's articulated legitimate

---

[6]For purposes of this appeal, we will assume *arguendo* that plaintiffs made a prima facie case of discrimination.

7

reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Stanziale v. Jargowsky, 200 F.3d 101, 105 (3d Cir. 2000).

**1.**

Plaintiff Lawson, an African-American, contends he was discriminated against under the NJLAD because Local 124 did not enforce minority set-asides and because he was "skipped over" on the hiring list when a white worker was sent to jobs instead of him. As noted, the District Court entered summary judgment for defendants on Lawson's claims because "[t]he union defendants have produced evidence that [the white worker sent out before him] was sent to that job as a foreman, at the contractor's request, and that Lawson was not sent because he then was not qualified to be a foreman." We see no error on the grant of summary judgment.

**2.**

Plaintiff Taylor, an African-American, contends he was discriminated against because Local 124 gave him fewer than average work hours. Defendants did not dispute that Taylor had fewer than average work hours, but explained that fewer hours were assigned as a result of legitimate factors, such as a member's sign up date, availability, and qualifications. Specifically, defendants presented evidence that Taylor's qualifications were insufficient because he could not "read or perform the elementary mathematical calculations necessary to be an effective carpenter." The District Court

8

found that Taylor was unable to rebut these nondiscriminatory reasons for his lower than average work hours. (Plaintiffs "appear to argue that the mere existence of a disparity is sufficient to both prove a prima facie case of NJLAD discrimination and to show that the defendants' proffered reasons are pretexts for discrimination.") We see no error.

Taylor himself admitted that his qualifications were deficient. In addition, Taylor acknowledged that he never looked at the out-of-work list to verify his belief that he was improperly "passed over." In these circumstances, summary judgment was properly entered for defendants on Taylor's claim of discrimination.

**3.**

Plaintiff Manresa, a Cuban-American, brought discrimination claims based on his receipt of fewer than average work hours and because of Local 124's alleged failure to file a grievance on his behalf when he was laid off by a union contractor and replaced by a white worker. The District Court entered summary judgment for defendants because Manresa "failed to rebut the legitimate explanations offered by defendants, and thus to evidence violation of either state or federal law." Again, we see no error.

Concerning the work hours claim, we agree with the District Court that Manresa failed to counter defendants' contention that any deficiencies in hours received were due to nondiscriminatory factors. These factors include members' availability, the need to provide shop stewards and foremen, and contractors' preferences and demand for workers.

9

Regarding the grievance claim, the defendants presented evidence that Manresa was laid off because he was hired as a temporary replacement for another worker who returned from vacation as expected and that Manresa–the last worker hired–was laid off under the Union's "last-in first-out method."  Manresa acknowledged that after the disputed layoff, the Union referred him to other jobs with the same wages and benefits. Furthermore, the District Court found that the statistic offered by Manresa to show pretext was inaccurate.  Manresa stated that two-thirds of the workers laid off at the same time as he from the Anselmi and DeCicco job were racial or ethnic minorities.  But, "only three workers were laid off on that date–and over a 2 ½-year period, 24 of 31 workers laid off were non-minority."

## VI.

For these reasons, we also hold that plaintiffs' section 1981 claims were properly dismissed for failure to show pretext.  See Stewart v. Rutgers, 120 F.3d 426, 432 (3d Cir. 1997) (McDonnell Douglas analytical framework also applies to § 1981 claims).

## VII.

We will affirm the District Court's entry of summary judgment for defendants. _____

_____

TO THE CLERK:

Please file the foregoing opinion.

_____/s/ Anthony J. Scirica_____
Circuit Judge

DATED: October 17, 2002